### LEVY v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. January 19, 1904.)

1. STREET RAILWAYS—COLLISION—EVIDENCE—CONTRIBUTORY NEGLIGENCE.

In an action against a street railway because of a collision between plaintiff's wagon and a car, the evidence for plaintiff showed that when about 40 feet from the track the driver saw the car about a half a block away, but drove on the track, not seeing the car again until it struck the wagon. The defendant's motorman testified that the plaintiff's horses went upon the track about 10 feet ahead of his car, and a disinterested witness swore that the gong was sounded, that the car was going at a moderate rate of speed, and that the horses started to cross the track at a distance of only 8 or 10 feet ahead of the car. *Held,* that plaintiff was guilty of contributory negligence.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Samuel Levy against the Metropolitan Street Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

H. A. Robinson (Wm. E. Weaver, of counsel), for appellant.
Rosalsky & Rosalsky, for respondent.

GILDERSLEEVE, J. The action was brought to recover damages for injuries to personal property through the negligence of the defendant's motorman. It was tried by the court without a jury, and judgment rendered for the plaintiff for $196.50. The defendant appeals.

The plaintiff is engaged in the milk business, and one of his employés was driving a team of horses attached to a milk wagon, through Twenty-Second street, in a westerly direction, and when in the act of crossing defendant's north-bound Sixth avenue car track, the front wheel of the wagon was struck by the north-bound car, and the injuries charged in the complaint ensued. The judgment is challenged upon the ground that it appears from the evidence that the plaintiff's driver was guilty of contributory negligence, that the plaintiff's case

¶ 1. See Street Railroads, vol. 44, Cent. Dig. § 214.

is insufficient to establish negligence against the defendant, and that on the whole case the judgment in favor of the plaintiff is against the weight of evidence. Just in rear of the wagon with which the car collided was another of the plaintiff's wagons being driven by another employé. The plaintiff's case rests upon the uncorroborated testimony of these two drivers. Nowhere do plaintiff's witnesses testify how far distant the car was when the wagon that sustained the injury entered the car track, nor do they testify what the speed of the car was at the time it reached Twenty-Second street. Giving full credit to the testimony of the plaintiff's witnesses, the facts are that the driver of the injured wagon, when he reached Sixth avenue, saw a north-bound car less than one block distant, and approaching rapidly. As to his own position he says he was just at the corner when he first saw the car. "Q. Just as you came out to the house line? A. Yes, sir." He did not again see the car until it struck him. He drove over the space between the point he first observed the car and the point at which he was struck—a distance his testimony shows to be about 40 feet—without paying further attention to the approaching car. It does not appear from the plaintiff's case how far distant the car was at the time the plaintiff's horses had reached the car track and were about to cross. There is nothing in the plaintiff's case to show that at this particular time the approaching car was sufficiently far away that the motorman could, by the exercise of even the greatest care and skill, have stopped the car before reaching the point where the team would cross the track. On this state of proof we think it cannot properly be said that the plaintiff maintained the burden of establishing his freedom from contributory negligence and the negligence of the defendant. There is good ground for claiming that the driver, by attempting to cross the track without paying any regard to the rapidly approaching car from the time he first entered the avenue, and saw it less than one block away, until the actual collision, failed in his duty, and was guilty of contributory negligence. Apparently he miscalculated his chances of getting across before the car reached him. The proof does not show that under the circumstances the driver had a reasonable opportunity to safely cross, even if the motorman did his duty to avoid a collision. Moreover, the defendant's motorman testified that the plaintiff's horses went upon the track about 10 feet ahead of his car, and a disinterested witness swore that the gong was sounded, that the car was going at a moderate rate of speed, and that the horses started to cross the track at a distance of only 8 or 10 feet ahead of the car. All this testimony on behalf of defendant is uncontradicted. Upon the whole case, therefore, it is seen there is no substantial conflict of testimony. We think the evidence is insufficient to support the conclusion that the plaintiff sustained the burden essential to his right to recover.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.